O

NO JS-6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

XING WEI JING,                    )  Case No. CV 13-05207 DDP (MANx)
                                  )
            Plaintiff,            )  **ORDER GRANTING DEFENDANTS' MOTION
                                  )  TO DISMISS**
      v.                          )
                                  )  [Dkt. 20]
COUNTY OF LOS ANGELES,            )
                                  )
            Defendants.           )
                                  )
                                  )
                                  )
                                  )
                                  )
                                  )
_____  )

     Presently before the court is a Motion to Dismiss filed by
Defendant County of Los Angeles. (Dkt. 20.)  Having considered the
parties' submissions, the court grants the motion and adopts the
following order.

**I.  Background**

     Plaintiff is a forty-seven year old Chinese-American citizen.
([First] Amended Complaint ("FAC") ¶¶ 1, 3, p. 11:1-2.)  He was a
doctor in China, but was employed as a registered nurse at LAC/USC
Medical Center.  (FAC. ¶¶ 1,8.)  Plaintiff participated in the

intensive care unit program in the spring and summer of 2012.  (FAC ¶ 2.)  Plaintiff was the oldest person in the program, and the only Chinese employee.  (FAC. ¶3.)  Plaintiff was demoted to a clerk position, and effectively terminated on February 22, 2012 (Am. Compl. ¶¶ 4.)   Plaintiff alleges that he was rated "competence" at all times and that, in spite of the rating, he was replaced by someone less qualified.  (FAC ¶¶ 2,4)

At a Christmas party in 2011, Plaintiff's immediate supervisor's husband asked Plaintiff about his age, religion, and reasons for moving to the United States.  (FAC ¶ 5.)  In February 2012, assistant supervisor Amelia Shovlin also inquired about his age and reasons for immigrating.  (FAC ¶ 6.)

Plaintiff also complains that some instructors spread rumors that "Chinese doctor should not be nurse" and "Chinese nurse will get fired," while some preceptors graded him "not met" on evaluations and opined to colleagues that Plaintiff was "too old to work in ICU."  (FAC. ¶¶ 8-9)  Instructor Mike Pucket " reached his face to plaintiff face 2, 3, fists far, shaving his head to Plaintiff said, 'I would not let you pass this program, are you emotional?'" (FAC. ¶ 25.)  Plaintiff also contends that he was called "Ying Yang" and "Buda" by preceptor Carmen Martinez.  (FAC ¶ 10)  The same preceptor also suggested to Plaintiff that his eyebrows were too long, and needed to be cut.  (FAC ¶ 11.)  Plaintiff explained that long eyebrows were important in his culture, to which Martinez replied "forget your culture."  (FAC ¶ 11.)  Plaintiff contends that he overheard Martinez say to other nurses that she would not give him a "met" rating on the evaluation because she did not like him.  (FAC ¶ 11.)  Plaintiff further

alleges that he was required to sign "DHS Discipline Manual Attestation form" on two occasions, but that no one else signed it. (FAC. ¶ 7.)  Plaintiff alleges that he was told he had to sign twice because his form was lost, "which is not true, but 'Scaring', because is kept in HR, not in manager's hands."  (Id.)

Plaintiff filed several complaints to managers, union authorities, and other throughout 2012 and 2013.  (FAC ¶ 28). Plaintiff was required to attended some type of counseling session, during which someone gave false testimony regarding Plaintiff's performance.  (FAC ¶ 14.)  Plaintiff was then forced to resign.[1] (Id.)

Plaintiff alleges five claims in the FAC: (1) "discrimination termination"; (2) "hostile working environment, and harassment"; (3) "retaliation"; (4) "intentional discrimination" and (5) "employment defamation."  He cites 42 U.S.C. § 2000e-2 (unlawful employment practices), 42 U.S.C. § 1981 (equal rights under the law) and Cal. Civil Code § 46(3) (slander).  Defendant now moves to dismiss the FAC.

**II.  Legal Standard**

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe

---

[1] The timing of the events alleged in the FAC is somewhat unclear.  Though Plaintiff alleges that he resigned in August 2012, he continued working past that time, before later being terminated.

those facts in the light most favorable to the plaintiff." <u>Resnick</u>
<u>v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint
need not include "detailed factual allegations," it must offer
"more than an unadorned, the-defendant-unlawfully-harmed-me
accusation." <u>Iqbal</u>, 556 U.S. at 678.  Conclusory allegations or
allegations that are no more than a statement of a legal conclusion
"are not entitled to the assumption of truth." <u>Id</u>. at 679.  Even
under the liberal pleading standard of Federal Rule of Civil
Procedure 8(a)(2), under which a party is only required to make a
"short and plain statement of the claim showing that the pleader is
entitled to relief," a "pleading that offers 'labels and
conclusions' or a 'formulaic recitation of the elements of a cause
of action will not do.'" <u>Id</u>. 678 (quoting <u>Twombly</u>, 550 U.S. at
555).

**III. Discussion**

A complaint must include "a short and plain statement of the
claim showing that the pleader is entitled to relief." Fed. R.
Civ. P. 8(a)(2).  The allegations must be "simple, concise and
direct." Fed. R. Civ. P. 8(d)(1).  Confusing, ambiguous, and
distracting pleadings do not meet the requirements of Rule 8.  <u>See</u>
<u>Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1058 (9th
Cir. 2011).  A complaint must be dismissed if it is "so verbose,
confused and redundant that its true substance, if any, is well
disguised." <u>Hearns v. San Bernardino Police Dep't</u>, 530 F.3d. 1124,
1131 (9th Cir. 2008)(quoting <u>Gillibeau v. City of Richmond</u>, 417
F.2d 426, 431 (9th Cir. 1969).

This court dismissed Plaintiff's original complaint for
failure to comply with Rule 8. (Dkt. 17).  Recognizing Plaintiff's

4

pro se status, the court dismissed the original complaint with
leave to amend.  Plaintiff's First Amended Complaint, however,
suffers from many of the same deficiencies as the original
complaint.  For example, Plaintiff's first claim for
"discrimination termination" refers to his race, age, religion and
"gene of his image: 'short, long eyebrow,'" without specifying on
which protected characteristic his claim is based.  Plaintiff also
alleges that he was rated "competence" at all times (FAC ¶ 2), but
also that he received "not met" evaluations. (FAC ¶9.)  Plaintiff's
amended complaint also includes numerous allegations, such as those
involving conversations at a Christmas party, that are not tied to
any particular claim or otherwise explained.[2]  Furthermore, the
sequence of events alleged remains unclear.  Plaintiff's First
Amended Complaint does not adequately identify the basis for each
cause of action or give Defendant sufficient notice of what
Plaintiff's claims are, and must therefore be dismissed.  See
Pickern v. Pier 1 Imports, 457 F.3d 963, 968 (9th Cir. 2006).

     Though Defendant contends that amendment would be futile, the
court disagrees.  While the FAC does not satisfy Rule 8, it is an
improvement upon Plaintiff's original complaint.  Similarly, while
Plaintiff's opposition to the instant motion cannot cure the
deficiencies of the First Amended Complaint, it is significantly
better organized than Plaintiff's first opposition, and is

---

     [2] The lack of context for many of Plaintiff's allegations is
potentially critical.  For example, even if some comments, taken
out of context, appear to have a negative connotation, "simple
teasing, offhand comments, and isolated incidents (unless extremely
serious) will not amount to discriminatory changes in the 'terms
and conditions' of employment.'"  Farragher v. City of Boca Raton,
524 U.S. 775, 788 (1998).

1  sufficient to persuade the court that Plaintiff may be able to
2  state a viable claim upon amendment.
3       It appears that Plaintiff has expended considerable effort and
4  time to research and compose his two complaints and responses to
5  the motions to dismiss, despite apparent language barriers.  The
6  court once again notes that the Federal Pro Se Clinic, which,
7  though not administered by this court, is located within the
8  courthouse in Room G-19 at 312 N. Spring Street, Los Angeles,
9  California 90012, offers information to civil litigants proceeding
10 pro se.
11      **IV. Conclusion**
12      For the reasons stated above, Defendant's Motion to Dismiss is
13 GRANTED.  The Amended Complaint is DISMISSED, with leave to amend.
14 Any second amended complaint shall be filed within thirty days of
15 the date of this order.
16
17
18
19
20
21 IT IS SO ORDERED.
22
23 Dated: October 6, 2014            DEAD D. PREGERSON
24                                   United States District Judge
25
26
27
28

6