O

JS - 6

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| XING WEI JING, | ) | Case No. CV 13-05207 DDP (MANx) |
| Plaintiff, | ) | **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS SECOND AMENDED COMPLAINT** |
| v. | ) | |
| COUNTY OF LOS ANGELES, | ) | [Dkt. 31] |
| Defendant. | ) | |

Presently before the court is Defendant County of Los Angeles' a Motion to Dismiss Plaintiff's Second Amended Complaint. Having considered the parties' submissions, the court grants the motion and adopts the following order.

**I. Background**

As described in this court's earlier orders, Plaintiff is a Chinese-American citizen. He was a doctor in China, but was employed as a registered nurse at LAC/USC Medical Center, where he participated in the intensive care unit program in the spring and summer of 2012. Plaintiff was the oldest person in the program,

and the only Chinese employee.  Plaintiff alleges several instances of discriminatory acts that underlie his claims for unlawful termination, hostile work environment and harassment, retaliation, discrimination, and employment defamation.

At a Christmas party in 2011, Plaintiff's immediate supervisor's husband asked Plaintiff about his age, religion, and reasons for moving to the United States.  In February 2012, assistant supervisor Amelia Shovlin also inquired about his age and reasons for immigrating.

Plaintiff also alleges that an instructor stated that "Chinese doctor should not be nurse" while other colleagues opined that Plaintiff was "too old to work in ICU."  An instructor also allegedly "reached his face to plaintiff face 2, 3, fists far, shaving his head to Plaintiff said, 'I would not let you pass this program, are you emotional?'"  Plaintiff also contends that he was called "Ying Yang" and "Buda" by another instructor, who also suggested to Plaintiff to "forget your culture," and that his eyebrows were too long, and needed to be cut.

Plaintiff further alleges that he was required to sign a "DHS Discipline Manual Attestation form" on two occasions, but that no one else signed it.  Plaintiff alleges that he was told he had to sign twice because his form was lost, "which is not true, but 'Scaring', because is kept in HR, not in manager's hands."

Plaintiff alleges that he complained about the instructors' conduct in early 2012 and again in August 2012.  Plaintiff alleges that although he was at all times rated "competence," he was

discharged on February 22, 2012 and replaced by a younger, less qualified person.[1]

Plaintiff appealed his discharge to the County Civil Service Commission, and participated in a two-day hearing in December 2013. The hearing examiner concluded that Plaintiff committed several workplace violations, that his "allegations of discrimination, raised as a defense, do not ring true and appear to be a straw man issue intended to detract from the main charges against him," that Plaintiff provided no evidence of discrimination against him, and that his discharge was appropriate. (Declaration of Natalie Luongo in Support of Defendant's Request for Judicial Notice, Ex. B.) The Civil Service Commission overruled Plaintiff's objections to the hearing officer's findings of fact and conclusions of law and adopted the hearing officer's recommendation. (Luongo Decl., Ex. A). Plaintiff did not appeal that decision.

Plaintiff's Second Amended Complaint in this court alleges five claims: (1) "discrimination termination"; (2) "hostile working environment, and harassment"; (3) "retaliation"; (4) "intentional discrimination" and (5) "employment defamation." Defendant now moves to dismiss.

**II. Legal Standard**

A complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R.

---

[1] It appears that Plaintiff may have intended to allege that he was discharged in February 2013, as much of the workplace conduct Plaintiff describes occurred after February 2012. Plaintiff's allegation that he was rated "competence" at all times is inconsistent with several other allegations in the SAC that Plaintiff received "not met" evaluations.

3

Civ. P. 8(a)(2).  The allegations must be "simple, concise and direct."  Fed. R. Civ. P. 8(d)(1).  Confusing, ambiguous, and distracting pleadings do not meet the requirements of Rule 8.  See Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1058 (9th Cir. 2011).  A complaint must be dismissed if it is "so verbose, confused and redundant that its true substance, if any, is well disguised."  Hearns v. San Bernardino Police Dep't, 530 F.3d. 1124, 1131 (9th Cir. 2008)(quoting Gillibeau v. City of Richmond, 417 F.2d 426, 431 (9th Cir. 1969).

A complaint will survive a motion to dismiss when it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)).  When considering a Rule 12(b)(6) motion, a court must "accept as true all allegations of material fact and must construe those facts in the light most favorable to the plaintiff."  Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000).  Although a complaint need not include "detailed factual allegations," it must offer "more than an unadorned, the-defendant-unlawfully-harmed-me accusation."  Iqbal, 556 U.S. at 678.  Conclusory allegations or allegations that are no more than a statement of a legal conclusion "are not entitled to the assumption of truth."  Id. at 679.  Even under the liberal pleading standard of Federal Rule of Civil Procedure 8(a)(2), under which a party is only required to make a "short and plain statement of the claim showing that the pleader is entitled to relief," a "pleading that offers 'labels and conclusions' or a 'formulaic recitation of the elements of a cause

of action will not do.'"  Id. 678 (quoting Twombly, 550 U.S. at 555).

### III. Discussion

A.  Res Judicata

The doctrine of res judicata "prohibits lawsuits on any claims that were raised or could have been raised in a prior action." Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002).  It applies when there is "(1) an identity of claims; (2) a final judgment on the merits; and (3) identity or privity between parties."  Id.  Defendant contends that the Civil Service Commission's order constitutes a final judgment of the merits for res judicata purposes, and therefore bars Plaintiff's claims.  The court agrees.

Federal courts afford state court decisions the same preclusive effect that other state courts would give.  See MHC Financing Ltd. P'ship v. City of San Rafael, 714 F.3d 1118, 1125 (9th Cir. 2013).  The same applies to state administrative decisions.  See Avila v. Los Angeles Police Dep't, 758 F.3d 1096, 1100 (9th Cir. 2014).  In cases such as this one, California law provides that administrative decisions are binding in later civil actions to the same extent as state court decisions.  White v. City of Pasadena, 671 F.3d 918, 927 (9th Cir. 2012).

While Plaintiff's opposition regarding the res judicata issue expresses a clear dissatisfaction with the outcome of his administrative hearing, it presents no reason why the Commission's decision, which Plaintiff did not appeal, does not preclude his claims here.  Because the Commission issued a final ruling on the

1  same discrimination issues Plaintiff now seeks to raise once again
2  before this court, Plaintiff's claims are barred as res judicata.
3      B.    Defamation
4      Plaintiff's Fifth Cause of Action for Employment Defamation
5  refers to acts addressed by the Commission's ruling and also to
6  statements made in the course of the administrative hearing.
7  Because the latter statements were not necessarily encompassed in
8  the agency's decision, res judicata may not bar Plaintiff's
9  defamation claim.  However, California's Tort Claims Act "requires
10 that any civil complaint for money damages must first be presented
11 to and rejected by the pertinent public entity." Castaneda v.
12 Dep't of Corrections and Rehabilitation, 212 Cal. App. 4th 1051,
13 1061 (2001).  Compliance with this requirement is mandatory. Id.
14 Although Plaintiff appears to argue that this requirement does not
15 apply to his claim against the County of Los Angeles, the basis for
16 that contention is unclear to the court, and appears to conflate
17 Plaintiffs' employment claims with his defamation claim.  The
18 defamation claim is, therefore, dismissed.

22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

**IV. Conclusion**

For the reasons stated above, Defendant's Motion to Dismiss is GRANTED.[2] The Second Amended Complaint is DISMISSED, with prejudice.

IT IS SO ORDERED.

Dated: May 12, 2015                    HON. DEAD D. PREGERSON
                                       United States District Judge

---

[2] Having dismissed Plaintiff's claims for the reasons stated above, the court need not reach Defendant's additional arguments, including the argument that the SAC, like its earlier iterations, fails to satisfy Federal Rule of Civil Procedure 8.